IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA.,

        Plaintiff,

vs.                                                                                                                                             No. CR 04-2209 JB

JOSE LOPEZ-LOPEZ,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from William E. Parnall to the Honorable James Browning (dated March 16, 2005). The Court did not receive this letter until March 30, 2005. The Court held a sentencing hearing on March 31, 2005. The primary issue is whether, under the Guidelines, Defendant Jose Lopez-Lopez' prior felony conviction for aggravated assault in Arizona in 1997 constitutes a crime of violence and whether a 16-level increase is applicable. Because the Court concludes that the prior felony conviction is a crime of violence, the Court concludes that a 16-level increase is applicable and that the rule 11(c)(1)(C) plea agreement which stipulates to an offense level of 9 is inconsistent with the Guidelines. Thus, the Court rejects the plea agreement.

### FACTUAL BACKGROUND

Lopez-Lopez has a prior felony conviction for aggravated assault, Maricopa County, Arizona, Superior Court, CR 9590065, on September 19, 1997. The Arizona state court sentenced Lopez-Lopez to five years custody on Count I, a Class 3 felony, and seven years and six months custody on Count VIII, a Class 2 felony, to run concurrently. The United States subsequently deported Lopez-

Lopez from the United States on August 13, 2002.

The prior conviction on Lopez-Lopez' record is for an auto accident in which people were injured. Lopez-Lopez, who, at the time, was under the influence of alcohol, caused the accident. Lopez-Lopez represents that reports indicate that he had fallen asleep when the accident occurred.

## PROCEDURAL BACKGROUND

Lopez-Lopez entered into a plea agreement pursuant to the rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure stipulating to a total offense level of 9. See Plea Agreement ¶ 8(a), at 4 (dated December 16, 2004). The United States Sentencing Guidelines ("Guidelines") and the approved "fast-track" program for the District of New Mexico govern the determination of an offense level. See U.S.S.G. § 5K3.1 (governing downward departures in early disposition program cases and providing the downward departure up to 4 levels "pursuant to an early disposition program"). The base offense level is 8. See Presentence Investigation Report ("PSR") ¶ 9, at 3 (disclosed February 11, 2005). Probation increased the offense level by 16 levels under Specific Offense Characteristic. See id. ¶ 10, at 3-4.

Section 2L1.2 of the Guidelines states that a "'crime of violence' means any of the following: . . . aggravated assault . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii)(2003).[1] The current definition is a result of the 2003 amendment to U.S.S.G. § 2L1.2. The earlier version of the definition stated that "'crime of violence' -- (I) means an offense

---

[1] The Court notes that, in his Response, Lopez-Lopez cites to the 2001 version of the Sentencing Guidelines. The Sentencing Commission, however, amended U.S.S.G. § 2L1.2 in November, 2003, to clarify its definition of a "crime of violence." Because the date on which the alleged crime occurred in this case is May 15, 2004, the Court will apply the 2003 version of the guidelines. See U.S.S.G. § 1B1.11(a).

under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and (II) includes . . . aggravated assault . . . ." See U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii)(2001). The Commission amended the definition, explaining:

> The previous definition often led to confusion over whether the specified offenses listed in that definition . . . also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. to amend. 658 (2003).

When determining if a prior conviction qualifies as a sentencing enhancement under the Sentencing Guidelines, "a court must only look to the statutory definition, not the underlying circumstances of the crime." United States v. Venegas-Ornelas, 348 F.3d 1273, 1275 (10th Cir. 2003), cert. denied, 125 S.Ct. 494 (2004)(quoting United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993)). Arizona law defines "aggravated assault," among other things, as when a "person commits assault . . . under any of the following circumstances: 1. If the person causes serious physical injury to another[; or] 2. If the person uses a deadly weapon or dangerous instrument." Ariz. Rev. Stat. § 13-1204(A)(1), (2). Both of these circumstances are class 3 felonies. See Ariz. Rev. Stat. § 13-1204(B). "Assault" is defined as:

> 1. Intentionally, knowingly or recklessly causing any physical injury to another person; or
>
> 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
>
> 3. Knowingly touching another person with the intent to injure, insult or provoke such person.

Ariz. Rev. Stat. § 13-1203(A). Based on this information, the Probation Office believes a 16-level increase is warranted in this case.

In his letter to the Court, Lopez-Lopez' counsel attempted to explain that the rule 11(c)(1)(C) plea to a level 9 is appropriate and urged the Court to accept the plea and the sentence to which the parties stipulated in the plea agreement.

## ANALYSIS

In his letter, Lopez-Lopez attempts to explain to the Court why his prior conviction for aggravated assault stemming from a car accident which occurred while Lopez-Lopez was intoxicated does not constitute a crime of violence. According to Lopez-Lopez, the United States initially took the position that Lopez-Lopez could not enter a plea agreement pursuant to the fast track program because his felony conviction for aggravated assault constituted a crime of violence. See Letter from William E. Parnall to the Honorable James O. Browning at 1. After the Supreme Court of the United States decided Leocal v. Ashcroft, 543 U.S. __, 125 S.Ct. 377 (2004), the United States agreed with Lopez-Lopez that his prior conviction did not constitute a crime of violence and thus allowed him to enter into a rule 11(c)(1)(C) agreement pursuant to the fast track program.

In Leocal v. Ashcroft, the Supreme Court addressed whether a prior conviction for driving under the influence of alcohol and causing serious bodily injury constituted a crime of violence under 18 U.S.C. § 16. Section 16 defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The statute under which the defendant was convicted in Leocal "makes it a third-degree felony for a person to operate a vehicle while under the influence and, 'by reason of such operation, cause[e] . . . [s]erious bodily injury to another.'" Leocal v. Ashcroft, 125 S.Ct. at 381

(quoting Florida Stat. § 316.193(3)(c)(2)).  The Supreme Court noted, however: "The Florida statute, while it requires proof of causation of injury, does not require proof of any particular mental state."  Id.  The Supreme Court then recognized that many other states have adopted statutes similar to that of the Florida statute which require no mental state or only negligence.  See id. at 381-82.[2]  The Court then stated: "The question here is whether § 16 can be interpreted to include such offenses."  Id. at 382.  The Court held that the language in § 16(a) "most naturally suggests a higher degree of intent than negligent or merely accidental conduct.  [The defendant's] DUI offense therefore is not a crime of violence under § 16(a)."  Id. (citation omitted).  The Court concluded, however:

> This case does not present us with the question whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16.  DUI statutes such as Florida's do not require any mental state with respect to the use of force against another person, thus reaching individuals who were negligent or less.

Leocal v. Ashcroft, 125 S.Ct. at 384.

The Supreme Court's decision in Leocal v. Ashcroft does not affect that Lopez-Lopez' felony conviction for aggravated assault constitutes a crime of violence under 2L1.2(b)(1)(A)(ii).  The facts underlying Lopez-Lopez' conviction were that he was driving intoxicated when he caused an automobile accident resulting in serious injury to three victims.  Lopez-Lopez pled guilty to aggravated assault under Arizona statute § 13-1204.  When determining if a prior conviction qualifies as a sentencing enhancement under the Sentencing Guidelines, "a court must only look to the statutory definition, not the underlying circumstances of the crime."  United States v.

---

[2] The Supreme Court does not identify any statute in Arizona similar to that of the Florida statute.  See id. at 382.

Venegas-Ornelas, 348 F.3d at 1275 (quoting United States v. Reyes-Castro, 13 F.3d at 379). Because Lopez-Lopez was charged with, pled guilty to, and was sentenced for aggravated assault, the Court must determine whether that felony conviction constitutes a crime of violence regardless of the underlying facts of the offense. The Supreme Court's decision in Leocal v. Ashcroft does not change this result. Unlike the conviction at issue in that case, Lopez-Lopez was not convicted of a driving under the influence offense. Instead, he was convicted of aggravated assault. The Court does not look beyond the offense's statutory definition when determining whether the prior conviction constitutes a crime of violence. Thus, that Lopez-Lopez' aggravated assault conviction arose out of an accident he caused while driving intoxicated has no effect on this Court's analysis under the Guidelines.

In defining crimes of violence, the Guidelines enumerate several offenses which qualify, including aggravated assault. See 2L1.2 cmt. n. 1(B)(iii). Thus, Lopez-Lopez' conviction for aggravated assault constitutes a crime of violence under the Guidelines. Because Lopez-Lopez' prior conviction constitutes a crime of violence under the Sentencing Guidelines, the Court concludes that the Probation Office's assessment of the 16-point increase is correct, resulting in an offense level of 21.[3]

Under the rule 11(c)(1)(C) plea agreement, Lopez-Lopez and the United States did not stipulate to a particular sentence, but stipulated to a total offense level of 9. See Plea Agreement ¶ 8(a), at 4. The Court may only grant downward departures up to 4 levels under the Guidelines and the fast track program. See U.S.S.G. § 5K3.1 (governing downward departures in early disposition

---

[3] For a more detailed analysis why an aggravated assault conviction under the Arizona statute constitutes a crime of violence under the Guidelines, see the Court's Memorandum Opinion and Order in United States v. Rosales-Valdez, No. CR04-1195, filed December 17, 2004 (Doc. 23).

program cases and providing for downward departure up to 4 levels "pursuant to an early disposition program"). The plea agreement would provide a downward departure greater than 4 levels. It therefore contravenes the Sentencing Guidelines and is improper. Moreover, the fast track program is not available if Lopez-Lopez "has a prior conviction or arrest for a crime of violence as defined in 18 U.S.C. § 16." District of New Mexico Request Authorization at 1. Lopez-Lopez' aggravated assault conviction "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). See Ariz. Rev. Stat. §§ 13-1203, -1204. Because Lopez-Lopez has a previous conviction that constitutes a crime of violence under § 16, a plea agreement under the fast track program is not available. The Court must therefore reject the plea agreement entered into by the United States and Lopez-Lopez. The Court cannot agree that an offense level of 9 is appropriate or consistent with the Guidelines.

The Court need not decide, however, whether it would sentence consistent with an offense level of 9 if the United States and Lopez-Lopez agreed in another rule 11(c)(1)(C) agreement to a specific sentence rather than a specific offense level. The parties did not agree to a specific sentence and ask for a departure and/or deviation; instead, they agreed to a specific offense level that is inaccurate. Before the Court can properly exercise its discretion under Booker, it must accurately calculate the Guidelines sentence. After the Court makes an accurate Guidelines calculation, the Court takes the Guidelines sentence into account with the other facts in 18 U.S.C. § 3553. Here, the parties got one of the factors, albeit it an advisory factor, wrong.

At the sentencing hearing, after revoking the plea agreement, Lopez-Lopez represented to Court that he wishes to withdraw his plea of guilty. See Transcript of Hearing at 18:3-14 (taken March 31, 2005). The United States conceded that Lopez-Lopez had the ability to withdraw his plea

after the rejection of the plea agreement by the Court.  See id.

**IT IS ORDERED** that the plea agreement between the United States and Defendant Jose Lopez-Lopez entered into on December 16, 2004, is rejected and the Defendant's plea is withdrawn.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Norman Cairns
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

William E. Parnall
Albuquerque, New Mexico

    *Attorney for the Defendant*